**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOEL PRICE, individually, and on behalf of
others similarly situated,

        Plaintiff,

v.                                  CASE NO.  8:05-cv-2210-T-26TGW

GULF COAST JEWISH FAMILY SERVICES,
INC.,

        Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (dkt. 12), Statement of Undisputed Facts (dkt. 13), and supporting exhibits (dkts. 14, 15, 16, & 17).  Also before the Court is Plaintiff's Response in Opposition thereto (dkt. 20).

Summary judgment is appropriate where there is no genuine issue of material fact. See Fed.R.Civ.P. 56©).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (citation omitted).  On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Having done so, the Court finds that Defendant's summary judgment motion is due to be denied.

Plaintiff brought his two-count complaint under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. ("the FLSA") in the Circuit Court of Pinellas County, Florida, and the Defendant removed the complaint to this Court on or about December 5, 2005. Plaintiff alleges in count one Defendant should have paid the Plaintiff overtime for hours he worked in excess of forty per week. In count two, Plaintiff alleges that Defendant employed other individuals who were similarly situated to Plaintiff and who also worked in excess of 40 hours per week without receiving overtime compensation. On August 9, 2006, more than five months after the February 29, 2006, deadline set in the Court's Case Management and Scheduling Order, Plaintiff filed a motion to create a conditional opt-in class and to amend the case management order accordingly. The same day, the Court denied the Plaintiff's motion as untimely. Consequently, only Plaintiff Joel Price's claims embodied in count one of the complaint are at issue.

Plaintiff was employed as a Case Manager in the Child Protective Services Department of Gulf Coast Jewish Family Services (hereinafter referred to as "Defendant") from July 12, 2004, to August 16, 2005. Defendant is a Florida corporation that employs between five hundred (500) and six hundred (600) people. During his time with Defendant, Plaintiff regularly and routinely worked in excess of 40 hours per week. However, he was not compensated for the overtime hours worked. The Case Manager position with Defendant is designated as "exempt" and Defendant relies on the professional exemption under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Plaintiff believed that it was unfair that Defendant was not paying him for the overtime

hours that he worked, which led to complaints to his supervisors and ultimately his filing of this lawsuit.

Defendant argues that it properly denied Plaintiff overtime wages because he was classified Plaintiff as an exempt professional under the FLSA.  See 29 U.S.C.A. § 213 (a)(1); 29 C.F.R. §§ 541.300, 541.301, 541.600, 541.602, 541.603, & 541.700.  The FLSA requires that employees engaged in commerce or in the production of commerce be paid overtime for work in excess of forty hours a week.  See 29 U.S.C. § 207(a)(1).  However, employees working in a bona fide professional capacity, as defined by the Department of Labor, are exempt from the overtime requirement.  See 29 U.S.C. § 213(a)(1).  The term "employee employed in a bona fide…professional capacity" is further defined in relevant part as any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week … and (2) whose primary duty is the performance of work … [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

29 C.F.R. § 541.300.

The "primary duty" test for a professional employee, in turn, consists of three elements:  (1) the employee must perform work requiring advanced knowledge; (2) the advanced knowledge must be in a field of science or learning; and (3) the advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.  See 29 C.F.R. § 541.301.  The employer has the burden to show that the employee is covered by an exemption under the FLSA.  See Stevins v. Provident Constr.

Co., 137 Fed. Appx. 198, 199 (11th Cir. 2005). Defendant urges that Plaintiff, as a Child Protective Services Case Manager ("CPSCM"), met all of the above criteria.

The Court, having carefully reviewed the parties' submissions, finds no dispute that Plaintiff meets the salary qualification for the exemption and also that the evidence would likely support a finding that Plaintiff's work required knowledge of an advanced type. Defendant paid Plaintiff a salary of $483.44 per week, after taxes were deducted, regardless of whether the Plaintiff worked fewer or more than forty hours per week. Plaintiff's time sheets, which he completed himself, demonstrate that he, on more than one occasion, worked fewer than forty hours per week. He never incurred a deduction from his pay on those occasions.

Plaintiff's most important duty as a CPSCM was making sure that the children under his protection were safe. In order to accomplish that duty, Plaintiff spent approximately 50 percent of his time visiting the children under his protection as well as their current and prospective families. During those visits, Plaintiff interviewed children and their parents in order to screen, assess, and evaluate the children at their home, school, and community environments in order to assess their needs and to establish advocacy relationships with the children, their families, and their caregivers. Plaintiff also was required to prepare documentation of his visits, according to state standards, and formulate placement plans and other plans for obtaining necessary services for the children. Additionally, Plaintiff appeared in court on behalf of children for whose welfare he was responsible and was required to prepare for such appearances, taking into

4

account the plan he had formulated for those children. Plaintiff testified that he used his educational background in sociology and psychology in fulfilling his duties as a CPSCM. Plaintiff had to use his knowledge of child and adolescent development, child welfare, family dynamics, ethics, and psychology in recognizing signs of physical and mental child abuse and neglect and substance abuse by parents, assessing risks to children, and identifying family needs. Further, Case Managers are required to attend an initial training and continuing education in order to stay certified by the State of Florida. Finally, there is also sufficient evidence from Defendant's witnesses and from Plaintiff himself to support a finding that Plaintiff's duties involved the consistent exercise of discretion and judgment.

In light of the foregoing, the Court has seriously considered granting Defendant's summary judgment motion on the basis of the professional exemption. However, Plaintiff's deposition contains many conflicting, statements regarding the degree of discretion or judgment he exercised in his position. (See dkt. 16, Plaintiff's Deposition, pp. 23-28, 39-40, & 65-66.) At least one court has found that the "discretion and judgment" required for the professional exemption is "a lesser standard" than the discretion and judgment required under the administrative exemption. See De Jesus-Rentas v. Baxter Pharmacy Serv. Corp., 286 F. Supp. 2d 235, 241 (D.P.R. 2003). As the court in De Jesus-Rentas noted, the regulations interpreting the professional exemption do not require that the judgment exercised be "independent" as required under the tests for the executive and administrative exemptions; it must, however, be "consistent." Id. at

241. Nevertheless, the Court finds it appropriate in this instance to deny Defendant's motion based upon the existence of the aforementioned material disputed facts. (See Stevins v. Provident Constr. Co., 2:02-cv-618-FtM-32SPC, Dkt. 66, pp. 2-3 (May 12, 2004) (district court denied defendant's motion for summary judgment, in an FLSA case that is analogous in all relevant respects with the one at bar, due to its hesitation that summary judgment would be improper due to the many conflicting statements contained in plaintiff's deposition regarding the degree of discretion he exercised in his position), aff'd 137 Fed. Appx. 198 (11th Cir. 2005).

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED:**

Defendant's Motion for Summary Judgment (Dkt. 12) is denied.

**DONE AND ORDERED** at Tampa, Florida, on November 22, 2006.

       s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES TO:
Counsel of record